1

2

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

LORNA R. PEARCE,

8

Plaintiff,

9

v.

10

COULEE CITY, et al.,

11

Defendants.

NO:  11-CV-0030-TOR

ORDER GRANTING MOTION FOR PROTECTIVE ORDER

12

13

14

15

16

17

18

19

20

BEFORE THE COURT is Defendants' Motion for Protective Order (ECF No. 19).  This matter was heard without oral argument on August 24, 2012.  The court has reviewed the motion, the response, and the reply, and the record and files herein, and is fully informed.  The court finds that oral argument on the motion is unnecessary.  Accordingly, the telephonic hearing currently scheduled for August 31, 2012 at 1:30 p.m. is hereby stricken pursuant to LR 7.1(h)(3)(b)(iv).

FACTS

Plaintiff Lorna Pearce sued the Town of Coulee City and its Mayor, Richard Heiberg, for wrongful termination of her former employment as the Coulee City

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 1

1  Clerk.  Shortly after filing her lawsuit, Plaintiff propounded several discovery

2  requests to Defendants.  One of these requests sought copies of email messages

3  authored or received by Plaintiff and/or Richard Heiberg and which contained one

4  of several enumerated keywords.  *See* ECF No. 21-1.

5      Defendants subsequently produced over 7,000 documents in response to this

6  request on April 26, 2012.  An additional 800 documents were withheld as

7  privileged.  On June 28, 2012, while defending a deposition of Defendant Heiberg,

8  defense counsel discovered that two emails which contained confidential attorney-

9  client communications had been inadvertently disclosed to Plaintiff.  Defendants

10 promptly sought return of the emails in a letter to Plaintiff's counsel dated July 3,

11 2012.  Plaintiff refused to return the subject emails.  This motion follows.

12                          DISCUSSION

13  **A. The Emails Are Privileged**

14     "The attorney-client privilege protects confidential communications between

15 attorneys and clients, which are made for the purpose of giving legal advice."

16 *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011).  The privilege exists

17 where "(1) legal advice of any kind is sought (2) from a professional legal adviser

18 in his capacity as such, (3) the communications relating to that purpose, (4) made

19 in confidence (5) by the client, (6) are at his instance permanently protected (7)

20 from disclosure by himself or by the legal adviser, (8) unless the protection be

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 2

1    waived." *Id.* (internal quotation and citation omitted).  The attorney-client

2    privilege extends to confidential communications between employees of a

3    corporation and the corporation's attorney, *United States v. Graf*, 610 F.3d 1148,

4    1158 (9th Cir. 2010), as well as to confidential communications among corporate

5    employees relating to legal advice obtained from the corporation's attorney.  *See*

6    *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 863 (D.C. Cir. 1980)

7    ("When the client is by nature a group . . . the courts have agreed that the privilege

8    should not be defeated by some limited circulation beyond the attorney and the

9    person within the group who requested the advice."); *In re Teleglobe*

10    *Communications Corp.*, 493 F.3d 345, 369 (3d Cir. 2007) ("[C]ourts almost

11    universally hold that intra-group information sharing does not implicate the

12    disclosure rule."); *see also Admiral Ins. Co. v. U.S. Dist. Court for the Dist. of*

13    *Arizona*, 881 F.2d 1486, 1492 (9th Cir. 1989) ("[T]he privilege applies to

14    communications by any corporate employee regardless of position when the

15    communications concern matters within the scope of the employee's corporate

16    duties and the employee is aware that the information is being furnished to enable

17    the attorney to provide legal advice to the corporation") (citing *Upjohn Co. v.*

18    *United States*, 449 U.S. 383, 394 (1981)).

19         Here, the two emails in question are clearly privileged.  Attached to the first

20    email is an eleven-page memorandum written by Defendant Heiberg and addressed

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 3

directly to the City's retained counsel.  This memorandum contains a detailed

"synopsis" of the events which preceded Plaintiff's termination, along with

editorial comments by Defendant Heiberg concerning the City's reasons for

terminating Plaintiff.  There can be no question that this document is privileged.

The email from Defendant Heiberg to Coulee City Clerk Alta Paulsson is

similarly privileged.  In this email, Defendant Heiberg asks Ms. Paulsson for

information concerning individuals on Defendants' witness list which was

specifically requested by the City's retained counsel.  He also relays the substance

of a comment made by counsel concerning legal strategy.  Here again, there can be

no question that this document is privileged.

### B. Defendants Have Not Waived the Privilege

Having determined that both emails are protected by the attorney-client

privilege, the court must now address whether Defendants waived the privilege.

Plaintiff contends that Defendants waived any claim of privilege to the

communications by (1) disclosing them to Plaintiff's counsel during discovery; (2)

sharing them with a third party; and (3) releasing them into the public domain by

filing them in conjunction with the instant motion.

As a general rule, "[v]oluntary disclosure of privileged communications

constitutes waiver of the privilege." *Richey*, 632 F.3d at 566.  This rule is subject

to one important qualification, however: a voluntary disclosure does not result in

1  waiver if "(1) the disclosure is *inadvertent*; (2) the holder of the privilege took

2  reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable

3  steps to rectify the error, including (if applicable) following Federal Rule of Civil

4  Procedure 26(b)(5)(B)."  Fed. R. Evid. 502(b) (emphasis added).  In other words,

5  "inadvertent disclosure of protected communications or information . . . does not

6  constitute a waiver if the holder took reasonable steps to prevent disclosure and

7  also promptly took reasonable steps to rectify the error."  Advisory Committee

8  Note to Fed. R. Evid. 502(b).

9        Here, there is no dispute that Defendants disclosed the subject emails to

10  Plaintiff inadvertently in discovery.  Similarly, Plaintiff has not contested the

11  reasonableness of Defendants' approach to guarding against inadvertent disclosure

12  in discovery (*i.e.*, having one attorney perform an initial privilege screening and a

13  second attorney perform a privilege cross-check).  Finally, there is no dispute that

14  Defendants acted promptly to rectify the inadvertent disclosure after discovering it

15  during Defendant Heiberg's deposition.  Accordingly, Defendants did not waive

16  the attorney client privilege by inadvertently disclosing the two emails to Plaintiff

17  in discovery.

18        Next, Plaintiff contends that Defendant Heiberg waived the attorney-client

19  privilege by disclosing the substance of the confidential communications with

20  counsel to a third party.  This argument fails because the person to whom the

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 5

1  disclosure was made, Coulee City Clerk Alta Paulsson, does not qualify as a third

2  party.  Because Ms. Paulsson is also an employee of Defendant Coulee City,

3  Defendant Heiberg did not waive the attorney-client privilege by disclosing to her

4  the substance of his communications with defense counsel.  *See Coastal States Gas*

5  *Corp.*, 617 F.2d at 863; *In re Teleglobe Communications Corp.*, 493 F.3d at 369.

6       Finally, Plaintiff argues that Defendants waived their claim to privilege by

7  filing the subject emails in conjunction with the instant motion, which caused them

8  to become publicly available on the Public Access to Court Electronic Records

9  ("PACER") website.  While it would have been preferable for Defendants to have

10  filed the emails under seal or submitted them separately for *in camera* review, the

11  court will not penalize Defendants for attempting in good faith to support their

12  motion with the very documents at issue.  Accordingly, the court will entertain a

13  *nunc pro tunc* motion by Defendants to seal ECF Nos. 20-1 and 20-2 such that the

14  documents will be accessible to the court and defense counsel only.  This motion

15  shall be filed by Friday, September 7, 2012 at 5:00 p.m.

16  **ACCORDINGLY, IT IS HEREBY ORDERED:**

17       1.  Defendants' Motion for Protective Order (ECF No. 19) is **GRANTED**.

18       2.  The telephonic hearing on Defendants' motion currently scheduled for

19            August 31, 2012 at 1:30 p.m. is **STRICKEN**.

20

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 6

3. Defendants shall file a *nunc pro tunc* motion to seal ECF Nos. 20-1 and 20-2, such that the documents will be accessible to the court and defense counsel only, by **Friday, September 7, 2012 at 5:00 p.m.**

4. The two (2) protected emails inadvertently produced by Defendants in response to discovery requests from Plaintiff, shall be subject to this Protective Order as follows: Plaintiff shall return the two (2) protected emails in question to Defendants, and shall not use, copy, or disseminate the protected emails in any way.  Plaintiff shall also destroy any copies made of the inadvertently produced protected emails.

5. The court hereby enters a "claw back" provision to protect against the inadvertent production of any privileged information, confidential information, restricted information, and/or work product materials of any and all documents, electronic information, or hard copy data.  The inadvertent production of any privileged information, confidential information, restricted information, and/or work product materials does not constitute a waiver of privilege or prevent any party from asserting privilege or protective nature of the document or information.

6. If any party inadvertently produces privileged information, confidential information, restricted information, and/or work product materials, the producing party shall make a good-faith representation that the

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 7

1   production was inadvertent.  The receiving party shall not make any use

2   of the contested material.  Any party receiving privileged information,

3   confidential information, restricted information, and/or work product

4   materials shall return it upon request of the producing party.  When

5   receiving the request to return privileged information, confidential

6   information, restricted information, and/or work product materials, the

7   receiving party shall return them within five (5) business days, regardless

8   of if the receiving party agrees with the privilege claim.  This Order is

9   governed by Federal Rule of Evidence 502 and is entered pursuant to

10   Federal Rule of Civil Procedure 26(c)(1).

11   The District Court Executive is hereby directed to enter this Order and

12   provide copies to counsel.

13   **DATED** this 24th day of August, 2012.

14   *s/ Thomas O. Rice*

15   THOMAS O. RICE
United States District Judge

16

17

18

19

20

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 8